# IN THE COURT OF APPEALS OF IOWA

No. 15-2110
Filed April 27, 2016

**IN THE INTEREST OF K.K., I.K., and G.M.,**
**Minor Children,**

**D.P., Mother,**
        Appellant.

_____


Appeal from the Iowa District Court for Polk County, Joseph W. Seidlin, District Associate Judge.


A mother appeals from the adjudicatory and dispositional orders in a child-in-need-of-assistance proceeding. **REVERSED AND REMANDED.**


Agnes G. Warutere of Warutere Law Office, Clive, for appellant.

Thomas J. Miller, Attorney General, and Bruce L. Kempkes and Mary A. Triick, Assistant Attorneys General, for appellee.

Randall L. Jackson of Law Office of Randall L. Jackson, Des Moines, attorney for minor child G.M.

Brent M. Pattison of the Drake Legal Clinic, Des Moines, guardian ad litem for minor children and attorney for minor children I.K. and K.K.


Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**MULLINS, Judge.**

A mother appeals from the adjudicatory and dispositional orders in a child-in-need-of-assistance (CINA) proceeding. The mother argues (1) the State failed to prove by clear and convincing evidence that the mother failed to exercise a reasonable degree of care in supervising her children; (2) the juvenile court failed to make and file written findings as to its reason for the disposition; and (3) the court did not make the least-restrictive disposition. We filed an opinion in this case on March 23, 2016. We subsequently granted the State's petition for rehearing in order to clarify the relief. We reverse and remand.

The mother has four children: G.M., born in March 2001; I.K., born in December 2005; K.K., born in May 2008; and E.K., born in August 2015. The Iowa Department of Human Services (DHS) removed the children from the mother's care and custody in August 2015, following E.K.'s birth, due to his urine and umbilical cord testing positive for amphetamine and methamphetamine. Prior to the removal, the mother, the biological father of the three youngest children (the father), and all four children lived with the father's parents. Upon removal, the mother and father moved out of the family home so as to minimize disruption in the children's lives.

In October, the mother stipulated to the adjudication of her youngest child but contested the adjudication of her three oldest children. She admitted to having used methamphetamine twice when she was pregnant with E.K. and to having parented her older children while under the influence of methamphetamine. The State also presented evidence that the father had provided care for the children in the home after using methamphetamine. Based

on this evidence, the court adjudicated all four of the mother's children CINA under Iowa Code section 232.2(6)(c)(2) (2015),[1] after finding there was clear and convincing evidence the children were imminently likely to suffer harmful effects as a result of the parents' failure to exercise a reasonable degree of care in supervising the children. In November, the court entered a dispositional order confirming the CINA adjudication and continuing temporary legal custody of the children with their paternal grandparents. The mother appeals these orders only as to her three oldest children—G.M., I.K., and K.K.[2]

"We review CINA proceedings de novo." *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014). "In reviewing the proceedings, we are not bound by the juvenile court's fact findings; however, we do give them weight." *Id.* "Our primary concern is the children's best interests." *Id.* "CINA determinations must be based upon clear and convincing evidence." *Id.* Evidence is clear and convincing "when there are no 'serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence.'" *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016) (alteration in original) (citation omitted).

The juvenile court adjudicated the three oldest children CINA pursuant to Iowa Code section 232.2(6)(c)(2). This section provides, in relevant part, a child is in need of assistance when the child "has suffered or is imminently likely[3] to

---

[1] The court also adjudicated the youngest child CINA under Iowa Code section 232.2(6)(o) (illegal substance present in child's body), to which the mother stipulated. We do not disturb the adjudication and disposition of E.K.
[2] The rights of the children's biological fathers are not at issue in this appeal. The biological father of G.M. stipulated to the CINA adjudication and disposition. The father of I.K., K.K., and E.K. stipulated to the same.
[3] The phrase "imminently likely" is not defined in the Iowa Code, but we interpret it liberally in the CINA context. *See In re J.S.*, 846 N.W.2d at 43.

suffer harmful effects[4] as a result of . . . [t]he failure of the child's parent, guardian, custodian, or other member of the household in which the child resides to exercise a reasonable degree of care in supervising the child."  Iowa Code § 232.2(6)(c)(2).

We recognize methamphetamine is a dangerous drug, and children can suffer harmful effects when being cared for by a parent who continues to use methamphetamine.  In *In re J.S.*, 846 N.W.2d at 37, our supreme court stated: "We have no difficulty concluding under [section 232.2(6)(c)(2)] that a parent's methamphetamine addiction by itself can result in 'harmful effects' to the child, thereby justifying state intervention to protect the child."  However, there is no evidence in the case before us that the mother has an "active" addiction to methamphetamine and is continuing to use methamphetamine while caring for her children.  *See In re J.S.*, 846 N.W.2d at 41.  Although the mother initially failed to admit she had used methamphetamine for fear the children would be removed from her care, she later took responsibility and admitted she had used the drug twice while pregnant with her youngest child.  The mother completed a substance abuse evaluation that recommended she attend weekly Narcotics Anonymous and Alcoholics Anonymous meetings, which she did.  She complied with requests for random drug testing.  Prior to the dispositional hearing, the mother submitted a drug patch, and the State acknowledged it expected the results to be negative.  The mother was also working with a parent partner and participating in Early Access with her youngest child.  And despite there not

---

[4] "Although chapter 232 does not contain a definition of 'harmful effects,' we have noted it 'pertains to the physical, mental or social welfare of a child.'"  *Id.* at 41 (quoting *In re Wall*, 295 N.W.2d 455, 458 (Iowa 1980)).

being any concerns about her mental health, the mother scheduled weekly individual therapy sessions at the request of DHS. Indeed, everyone involved in the case agreed the mother was sober and accomplishing the goals expected of her, the case was progressing and the parents were close to reunification, and the older children were eager for the case to close and have their parents back in the home.

Furthermore, by the time of the dispositional hearing, the mother and father were exercising liberal supervised visitation with the children. The mother was caring for the children for more than two-thirds of every day—from 6:30 a.m. until 11:30 p.m.; arriving at the family home early to get the children ready for school, dropping them off at school, taking them to medical and dental appointments, laundering their clothes, cleaning the home, preparing dinner, helping the children with their homework, and getting them ready for bed—plus two overnight visits a week. She was also exercising daily one-hour unsupervised visits with her children. Evidence was presented that the three oldest children are well-adjusted, good students, who are involved in extracurricular activities. The children miss having their mother in the home. No one connected to the older children had expressed concerns about them or their parents. There were no concerns regarding the mother's parenting of her children. In fact, the record shows clear evidence the mother has continued to provide for her children's mental, physical, emotional, health, and educational needs.

On our de novo review of the record, we do not find clear and convincing evidence that the mother's three oldest children are imminently likely to suffer

statutorily-defined harm as a result of her use of methamphetamine on two occasions while pregnant with her youngest child.[5]  *See* Iowa Code § 232.2(6)(c)(2).  Accordingly, we reverse the adjudication of CINA based on the allegations against the mother as to her three oldest children, G.M., I.K., and K.K.  The fathers of those three children stipulated to the adjudication and disposition and do not appeal; thus G.M., I.K., and K.K. remain adjudicated with regard to their respective fathers and under the supervision of the juvenile court.  We remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**

---

[5] The mother raises additional arguments on appeal; however, because we do not find clear and convincing evidence of the statutory grounds alleged, we need not address her remaining arguments.